UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARQUEZ JETER,<br><br>Defendant, | No. 2:19-CR-00075-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Marquez Jeter's ("Defendant") Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 33.) The Government filed an opposition. (ECF No. 37.) Defendant filed a reply. (ECF No. 38.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///

///

///

///

///

///

1

### I.   Factual and Procedural Background

On August 29, 2019, Defendant pleaded guilty to felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1).  (ECF Nos. 16, 21.)  The applicable guideline range at sentencing was 92 to 115 months in prison based on Defendant's total offense level of 26 and criminal history category of IV.  (ECF No. 26 at 3.)  In the presentence report, the probation officer recommended a 100-month term of imprisonment.  (*Id.* at 21.)  Meanwhile, the Government, consistent with the plea agreement, recommended a low-end sentence of 92 months based on the 18 U.S.C. § 3553(a) factors.  (ECF No. 30 at 1.)  On December 19, 2019, the Court sentenced Defendant to a 92-month term of imprisonment to be followed by a 36-month term of supervised release.  (ECF Nos. 31, 32.)  Defendant has served approximately 69 months of his 92-month term of imprisonment, and Defendant's projected release date with the application of good conduct time is January 26, 2026.  (ECF No. 33 at 2 n.1; ECF No. 37-1 at 2–4.)

On October 31, 2024, Defendant filed the instant motion to reduce his sentence based on Amendment 821, which became effective in November 2023 and amended the Sentencing Guideline's "status point" provision.  (ECF No. 33 at 3 (citing U.S.S.G. § 4A1.1(e) (2023).)  The amended status point provision, U.S.S.G. § 4A1.1(e) ("§ 4A1.1(e)"), provides that defendants who received six or less criminal history points now receive zero, rather than two status points.  The amended provision applies retroactively.  U.S.S.G. § 1B1.10(d).  The parties agree that application of the amended status point provision reduces Defendant's criminal history category from IV to III resulting in an amended guideline range of 78–97 months.  (ECF No. 33 at 3; ECF No. 37 at 3.)  In the instant motion, Defendant requests the Court reduce his sentence to 78-months.  (*Id.* at 7.)  The Government opposes this request.  (ECF No. 37.)

### II.   Standard of Law

18 U.S.C. § 3582(c)(2) ("§ 3582(c)(2)") provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Court follows a two-step approach in determining whether a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 827 (2010). First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowers Defendant's guidelines range. *Id.* Second, the Court must consider any applicable factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)") and determine whether, in its discretion, the reduction is warranted in whole or in part under the circumstances of the case. *Id.*

### III.   ANALYSIS

At the outset, the parties do not dispute that step one is met because Amendment 821 lowered Defendant's guideline range from 92–115 months in prison to 78–97 months in prison. (ECF No. 33 at 2–3; ECF No. 37 at 3.) Instead, the parties dispute whether the Court should exercise its discretion and reduce Defendant's sentence. Given this, the Court only addresses the parties' arguments as to step two.

Defendant argues a 14-month reduction is warranted under § 3553(a)(1). (ECF No. 33 at 2.) Defendant acknowledges the seriousness of his offense, but argues he has "amassed a solid record of rehabilitation" justifying a sentence reduction. (*Id.* at 6.) Defendant notes he has taken over 85 courses while in prison, including a non-residential drug and alcohol treatment program. (*Id.*; ECF No. 33-1 at 3–5.) Defendant emphasizes that he earned his GED in 2008, participates in the Inmate Financial Responsibility Program, and has not had an incident within the last six months. (ECF No. 33 at 2; ECF No. 33-1 at 4.) Moreover, Defendant notes he has a solid release plan, which entails living with his grandmother in San Francisco where he plans to work for the Department of Public Works. (*Id.*)

In opposition, the Government argues the § 3553(a) factors weigh against reducing Defendant's sentence. (ECF No. 37 at 8.) Specifically, the Government argues the nature and circumstances of Defendant's offense — possessing and illicitly selling firearms, many of which had no serial numbers — warrants maintaining the previously imposed sentence. (*Id.* at 6–7.) Further, the Government notes Defendant has a prior federal conviction for being a felon in possession of a firearm and two state convictions related to controlled substances. (*Id.* at 7.) The Government also details Defendant's prior violations while on federal supervised release, which

1  include renting a hotel room that was used by a minor for prostitution.  (*Id.*; ECF No. 26 ¶ 39.)
2  The Government acknowledges Defendant's prior conduct no longer enhances his guideline range
3  but argues it should still be considered.  (ECF No. 37 at 7.)  Finally, the Government contends
4  Defendant "has not course corrected as expected" in prison.  (*Id.*)  While the Government notes
5  Defendant has taken classes while in custody, it argues Defendant has also sustained five
6  disciplinary violations which "counter[]" or "outweigh[]" his rehabilitation efforts.  (*Id.* at 3, 8.)
7  Defendant's disciplinary infractions include various drug/alcohol possessions, phone violations,
8  and an incident where Defendant destroyed property valued over $100.00.  (ECF No. 37 at 7–8;
9  ECF No. 37-1 at 6–8.)

10  After considering the § 3553(a) factors, the Court finds a reduction in sentence is
11  warranted.  In 2019, the Court considered Defendant's criminal history, which the Government
12  reiterates in its opposition, and the seriousness of the offense when imposing a low-end, 92-
13  month sentence.  At the time, the Government had recommended a low-end sentence.
14  Defendant's sentence now falls on the high-end of the amended guideline range.  While the Court
15  notes Defendant's prison discipline record, the Court finds these infractions do not outweigh his
16  rehabilitation efforts as the Governments suggests.  Nor does the Court find these infractions
17  justify now imposing a high-end sentence under the amended guideline range.  Moreover, the
18  Court finds Defendant's prison disciplinary infractions are mostly minor.  While Defendant was
19  found possessing drugs/alcohol over two years ago, Defendant has since completed a non-
20  residential drug and alcohol treatment program.  (ECF No. 38 at 4–5; ECF No. 33-1 at 5.)

21  In sum, without more, the Court finds the Government's argument in favor of maintaining
22  a now high-end sentence unpersuasive.  For the same reason a low-end sentence was justified in
23  2019 and based on Defendant's rehabilitation efforts, the Court concludes the § 3553(a) factors
24  support an amended, low-end sentence of 78 months in prison.  *See, e.g.*, *United States v. Holmes*,
25  No. 2:14-CR-00317-TLN, 2024 WL 4608442, at *2 (E.D. Cal. Oct. 29, 2024) (finding similarly).

26  **IV.    CONCLUSION**

27  For the foregoing reasons, the Court GRANTS Defendant's motion and reduces his
28  sentence of imprisonment to a low-end 78-month term.  (ECF No. 33.)  The Court finds

4

Defendant is entitled to the benefit of Amendment 821, Part A, the new status-point provision, which reduces his criminal history category from IV to III. Defendant's resulting guideline range with an unchanged offense level of 26 reduces from 92-115 months in prison to 78-97 months in prison.

 IT IS HEREBY ORDERED that Defendant's term of imprisonment imposed in December 2019 is reduced to a term of 78 months as of the effective date of the Court's order. The effective date of this Order is STAYED for 10 days from the date of the amended judgment to provide time for the United States Bureau of Prisons to receive the amended judgment and perform the requisite safety and background checks and release planning.

 IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence. Unless otherwise ordered, Defendant shall report to the United States Probation Office within seventy-two (72) hours after his release.

 IT IS SO ORDERED.

Date: January 7, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE